UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HISCOX DEDICATED CORPORATE
MEMBER LTD,

        Petitioner,

CASE NO.:

vs.

DAMASCUS TRADING COMPANY,
LLC,

        Respondent.
_____ /

## HISCOX DEDICATED CORPORATE MEMBER LTD'S
## PETITION TO COMPEL APPRAISAL

Petitioner, Hiscox Dedicated Corporate Member Ltd. ("Hiscox"), files this Petition to Compel Appraisal against Defendant, Damascus Trading Company, LLC ("Damascus"), and asks the Court to compel Damascus' participation in the appraisal process demanded pursuant to Policy Number H5552 ("the Policy"), a commercial property insurance policy for which Hiscox provided 72.5% of the capital for 47% of the risk insured. Hiscox files this Petition to Compel Appraisal on its own behalf and on behalf of the subscribers to the remaining percentages of the risk.

### PRELIMINARY STATEMENT

1.    This matter involves an insurance claim submitted for commercial property damage. Hiscox has adjusted the loss and determined that the Insured's covered loss is below the Policy's per-building deductible. However, Respondent has asserted more is owed pursuant to the insurance contract. Accordingly, Hiscox has demanded

appraisal, but Respondent has not timely responded to Hiscox's demand for appraisal, thus necessitating this Petition to Compel Appraisal.

2. Hiscox seeks an order from the Court requiring the Insured to submit to the appraisal process as provided for in the insurance contract between the parties.

## PARTIES

3. Hiscox is a capital provider to Syndicate 33, one of several syndicates who severally underwrite insurance in the insurance market commonly known as Lloyd's of London, England ("Lloyds"). Hiscox is a company registered and with a principal place of business in England. Hiscox underwrote 72.5% of 47% of the Policy. Pursuant to market practice and the agreement of the insurers subscribing to the other shares of the Policy, a federal court action brought by Hiscox is proper and binding on all subscribing syndicates as though they were parties to the action. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1091 (11th Cir. 2010) (citing *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853 (5th Cir. 2003)).

4. Respondent, Damascus Trading Company, LLC, is a Florida limited liability company with its principal place of business at 14661 Double Eagle Court, Fort Myers, Florida 33912.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorney's fees, and costs.

6.  Venue is proper in the United States District Court for the Middle District of Florida, Fort Myers Division, because Defendant resides in this District and the events which made the basis of the underlying action occurred in this District.

## GENERAL ALLEGATIONS

7.  Policy No. H5552 is a commercial property policy issued to Damascus for the period February 13, 2015 to February 13, 2016 (the "Policy"). The Policy insured the Insured's property located at 6401 Winkler Road, Fort Myers, FL (the "Property"). Coverage is provided for two buildings on the Property on a replacement cost value ("RCV") basis up to a limit of $1,652,000.00 for Building 1 and $306,000.00 for Building 2. Coverage is subject to a 90% co-insurance requirement and a $10,000.00 per-building deductible. A true and correct copy of the Policy is attached as **Exhibit "A."**

8.  The Policy contains an appraisal condition which provides that either party may demand appraisal of the amount of loss. The Policy provides:

> **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
> **E.   LOSS CONDITIONS**
> \*   \*   \*
> **2.   Appraisal**
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> > a. Pay its chosen appraiser; and
> > b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Form CP 00 10 04 02, p. 9).

9.     On or about October 24, 2015, Damascus allegedly suffered a loss to the Property as a result of theft and/or vandalism. Damascus made a claim under the Policy for the loss.

10.    Damascus submitted a Sworn Statement in Proof of Loss dated December 27, 2016 in the amount of $442,837.65. **Exhibit "B"**.

11.    Damascus' Sworn Statement in Proof of Loss did not account for the difference between the replacement cost and actual cash value components of its claimed damages. Accordingly, Hiscox applied minimal depreciation where appropriate to arrive at total claimed damages for the Insured of $443,411.87 on a replacement cost basis and $413,693.90 on an actual cash value basis. **Exhibit "C"**.

12.    Hiscox adjusted Damascus' claim and determined that Damascus' covered loss (resulting from vandalism) was $2,500.00 on a replacement cost basis, and $2,125.00 on an actual cash value basis, below the Policy's $10,000 per-building deductible. Hiscox determined that the remainder of Damascus' claimed damages are excluded by the Policy's Theft Exclusion endorsement. **Exhibit "C"**.

13.    The difference between Damascus' claimed damages and the amount Hiscox determined was covered by the Policy is $440,911.87 on a replacement cost basis and $411,568.90 on an actual cash value basis.

## PETITION TO COMPEL APPRAISAL

14.    On February 17, 2017, after the parties could not agree on the amount of loss, Hiscox rejected Damascus' Sworn Statement in Proof of Loss and made a written demand for appraisal to Damascus, thereby invoking the appraisal condition of the

- 5 -

Policy. A copy of Hiscox's demand for appraisal is attached hereto as **Exhibit "D"**. Damascus has not responded to Hiscox's demand for appraisal within the time period demanded by Hiscox in **Exhibit "D"**.

15. On February 20, 2017 Hiscox, through its undersigned counsel, sent the Insured a Proposed Appraisal Agreement which sought to arrange for an agreed appraisal timeline in order to encourage an expeditious resolution of this matter. **Exhibit "E"**. To date, no response to Hiscox's Proposed Appraisal Agreement has been provided by Damascus or its counsel.

16. The appraisal provision in the Policy constitutes a valid and binding agreement to resolve disputes between the parties regarding the amount of loss through the appraisal process.

17. Here, the parties disagree on the amount of covered loss to the Property, and as a result, Hiscox demanded appraisal. Accordingly, pursuant to the plain and unambiguous terms of the Policy, appraisal is the appropriate method for determining the amount of covered loss to the Subject Property.

18. Therefore, Hiscox respectfully requests this Honorable Court compel Damascus to participate in the appraisal process, as required by the terms of the Policy.

**WHEREFORE**, Hiscox Dedicated Corporate Member Ltd respectfully requests that this Honorable Court enter an Order compelling Damascus Trading Company, LLC to submit to appraisal and for such further relief the Courts deems just.

Respectfully submitted this 13th day of March, 2017.

PHELPS DUNBAR LLP

_/s/ Matthew L. Litsky_
MATTHEW L. LITSKY, ESQ.
Florida Bar No. 992194
matthew.litsky@phelps.com
JONATHAN E. LEWERENZ, ESQ.
Florida Bar No. 0084432
jonathan.lewerenz@phelps.com
100 S. Ashley Drive Suite 1900
Tampa, FL 33602-5867
Tel: (813) 472-7550
Fax: (813) 472-7570
Attorneys for Hiscox